UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN ANDREAS-MOSES, LISA MORGAN, ELIZABETH WAGNER, and JACQUELINE WRIGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>Defendant. | CASE NO.:  5:16-CV-1387 (BKS/DEP)<br><br>CLASS ACTION<br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs KAREN ANDREAS-MOSES, LISA MORGAN, ELIZABETH WAGNER and JACQUELINE WRIGHT ("Plaintiffs"), by their attorneys, on behalf of themselves and all others similarly situated, respectfully allege upon knowledge as to themselves and upon information and belief as to all other matters, the following:

## INTRODUCTION

1. Plaintiffs are Analysts formerly and/or currently employed by Defendant to process long and/or short term disability claims submitted by clients of Defendant, who performed work for Defendant in the state of New York, and who reported to Defendant's location in Onondaga County, New York until in or around December 2013.

2. As used in this pleading, the term Analyst(s) refers to all employees of Defendant who process long and/or short term disability claims for Defendant in the Group Benefits or Group Reinsurance Departments, including, but not limited to the titles of STD III, STD Claims Analyst III, LTD III, LTD IV, LTD V, LTD Claims Analyst, LTD Senior Claims Analyst, LTD Specialty Claims Analyst, LTD CAR I, LTD CAR II, LTD CAR III, LTD Continuing Ability Review I,

LTD Continuing Ability Review II, LTD Continuing Ability Review III, and any employees of Defendant performing substantially the same work as employees with those titles during the Class Period.

3. Plaintiffs bring this action on behalf of themselves and a class of similarly situated former and current employees, to seek redress for systematic and class-wide failure to pay overtime compensation in violation of New York Labor Law against HARTFORD FIRE INSURANCE COMPANY ("Hartford" or "Defendant").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a) as complete diversity exists as to all Plaintiffs and Defendant and the amount in controversy exceeds $75,000, and alternatively, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) as one or more members of the class of Plaintiffs is a citizen of a State different from Defendant, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, Defendant is not a State, State Official, or other governmental entity against whom the Court may be foreclosed from ordering relief, and the number of members of all proposed plaintiff classes in the aggregate is at least 100.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the instant action occurred in Syracuse, New York.

## PARTIES

6. Plaintiff KAREN ANDREAS-MOSES ("Andreas-Moses"), an individual *sui juris* residing in Homer, New York, is an Analyst employed by Defendant from approximately January 2007 through the present, who performed work for Defendant in the state of New York, reported

to Defendant's Syracuse, New York location until December 2013, and who processed insurance claims submitted by clients of Defendant.

7. Plaintiff LISA MORGAN ("Morgan"), an individual *sui juris* residing in Central Square, New York, was an Analyst employed by Defendant from approximately 1991 to October 2014, who performed work for Defendant in the state of New York, who reported to Defendant's Syracuse, New York location until December 2013, and who processed insurance claims submitted by clients of Defendant.

8. Plaintiff ELIZABETH WAGNER ("Wagner"), an individual *sui juris* residing in Syracuse, New York, is an Analyst employed by Defendant from approximately April 2007 through the present, who performed work for Defendant in the state of New York, who reported to Defendant's Syracuse, New York location until December 2013, and who processed insurance claims submitted by clients of Defendant.

9. Plaintiff JACQUELINE WRIGHT ("Wright"), an individual *sui juris* residing in Syracuse, New York, is an Analyst employed by Defendant from approximately July 1996 through the present, who performed work for Defendant in the state of New York, who reported to Defendant's Syracuse, New York location until December 2013, and who processed insurance claims submitted by clients of Defendant.

10. Defendant Hartford, a Connecticut corporation with its principal place of business in Hartford, Connecticut, is a business who, at all relevant times to this instant action, operated in Onondaga County, New York.

11. At all relevant times to this instant action, Plaintiffs and the Class were "employees" covered by the New York Labor Law, and Defendant was an "employer" of Plaintiffs

and the Class of Analysts they seek to represent, as those terms are defined by New York Labor Law §§ 651(5) and (6), 190(2) and (3) and applicable regulations, 12 NYCRR § 142-2.14.

## CLASS ACTION ALLEGATIONS

12. Plaintiffs bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class:

> All employees of Defendant who process long and/or short term disability claims for Defendant in the Group Benefits or Group Reinsurance Departments, including, but not limited to the titles of LTD III, LTD IV, LTD V, LTD Claims Analyst, LTD Senior Claim Analyst, LTD Specialty Analyst, LTD Continuing Ability Review I, LTD Continuing Ability Review II, LTD Continuing Ability Review III, and any employees of Defendant performing substantially the same work as employees with those titles during the Class Period and who were paid a salary, but did not receive overtime compensation for hours worked in excess of forty (40) hours in a single workweek, and who performed work for Defendant in the state of New York from November 2010 through the present ("Class Period").

13. Plaintiffs do not yet know the exact size of the Class and such information is within the exclusive control of Defendant. However, based on the nature of business involved, Plaintiffs believe that the total number of Class members is at least one hundred (100) persons, and that the members of the Class are located throughout the United States. As such, joinder of all members of the Class would be impracticable.

14. Plaintiffs will fairly and adequately protect the interests of the Class members, and have retained counsel experienced and competent in labor and employment law, and class action litigation. Plaintiffs have no interests which are antagonistic to those of other Class members.

15. Plaintiffs' claims are typical of the claims of the Class in that each Plaintiff worked for Defendant as an Analyst, each Plaintiff was misclassified as exempt under the New York Labor Law, Defendant failed to pay each Plaintiff overtime compensation for all hours worked in excess of forty (40) hours in a single workweek, and each Plaintiff was harmed by Defendant's failure to pay the overtime compensation due and owing.

16. Defendant has acted or refused to act on grounds that apply generally to the Class in that Defendant has misclassified all Class members and failed to pay overtime compensation to all Class members.

17. The rights of Plaintiffs and the Class members involve common questions of law and fact that would predominate over questions affecting only individual members of the Class.

18. The questions of law and fact common within the Class include, but are not limited to:

   a. whether Defendant's classification of Plaintiffs and Class members as exempt from the overtime requirements of the New York Labor Law was proper; and

   b. whether Defendant's failure to pay overtime compensation to all Plaintiffs and Class members violated the New York Labor Law.

19. Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

**STATEMENT OF FACTS**

20. Plaintiffs are Analysts formerly and/or currently employed by Defendant to process long and/or short term disability claims submitted by clients of Defendant, and who performed work for Defendant in the State of New York between November 2010 through the present.

21. While employed by Defendant, Plaintiffs regularly worked hours in excess of forty (40) hours in a single workweek.

22. Plaintiff Andreas-Moses was hired by Defendant in January 2007 and worked at Defendant's Syracuse, New York location from her hire date until in or around December 2013.

From November 2010 through December 2013, Plaintiff Andreas-Moses was paid an annual salary of approximately $44,000. Although she regularly worked weeks in excess of forty (40) hours in a single workweek, Andreas-Moses was not paid the proper overtime premium by Defendant. Rather, she was paid only her salary.

23. Plaintiff Morgan From approximately November 2010 to December 2013, was paid a salary of $54,000. During her employment, Morgan regularly worked more than eight (8) hours per day. Although she regularly worked weeks in excess of forty (40) hours in a single workweek, Morgan was not paid the proper overtime premium by Defendant. Rather, she was paid only her salary.

24. Plaintiff Wagner was hired by Defendant in April 2007 and worked at Defendant's Syracuse, New York location from her hire date until in or around December 2013. From November 2010 through December 2013, Wagner was paid an annual salary of approximately $45,000. Although she regularly worked weeks in excess of forty (40) hours in a single workweek, Wagner was not paid the proper overtime premium by Defendant. Rather, she was paid only her salary.

25. Plaintiff Wright was hired by Defendant in July 1996 and worked at Defendant's Syracuse, New York location from her hire date until in or around December 2013. From November 2010 through December 2013, Plaintiff Andreas-Moses was paid an annual salary of approximately $50,000. Although she regularly worked weeks in excess of forty (40) hours in a single workweek, Wright was not paid the proper overtime premium by Defendant. Rather, she was paid only her salary.

26. Defendant controls the hours, salary, assignments, and schedules of the Plaintiffs and Class members.

27. Defendant, as a matter of policy and practice, willfully and intentionally failed to pay Plaintiffs and Class members one and one half (1½) times the regular rate for work in excess of forty (40) hours in a single workweek, as is required pursuant to the New York Labor Law and regulations.

28. Defendant, as a matter of policy and practice, willfully and intentionally failed to provide Plaintiffs and Class members with a statement concurrent with each payment of wages listing the number of regular hours worked per week as required by the New York Labor Law.

29. Defendant, as a matter of policy and practice, willfully and intentionally failed to provide Plaintiffs and Class members with a statement concurrent with each payment of wages listing the number of overtime hours worked per week as required by the New York Labor Law.

## COUNT I
### New York Labor Law: Unpaid Overtime Wages

30. Plaintiffs repeat and reallege paragraphs 1 through 29 above as if fully set forth herein.

31. Throughout the Class Period, Plaintiffs and Class members were "employees" covered by the New York Labor Law, and Defendant was an "employer" of Plaintiffs and the Class, as those terms are defined by New York Labor Law §§ 651(5) and (6), 190(2) and (3) and applicable regulations, 12 NYCRR § 142-2.14.

32. Throughout the Class Period, Defendant failed to pay Plaintiffs and Class members overtime wages of not less than one and one-half (1½) times their regular hourly rate for each hour worked in excess of forty (40) hours in a single workweek in violation of New York Labor Law Article 19, § 650, *et seq.*, and 12 NYCRR § 142-2.2.

33. Due to Defendant's violations of the New York Labor Law, Plaintiffs and Class members are entitled to recover from Defendant all of the unpaid overtime wages of not less than

7

one and one-half (1½) times their regular hourly rate for each hour worked in excess of forty (40) hours in a single workweek, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 § 190, *et seq.*, and Article 19 § 650, *et seq.*

## COUNT II
### New York Labor Law: Failure to Pay Wages When Due

34. Plaintiffs repeat and reallege paragraphs 1 through 33 above as if fully set forth herein.

35. Throughout the Class Period, Plaintiffs and Class members were "employees" covered by the New York Labor Law, and Defendant was an "employer" of Plaintiffs and the Class, as those terms are defined by New York Labor Law §§ 651(5) and (6), 190(2) and (3) and applicable regulations, 12 NYCRR § 142-2.14.

36. Defendant has failed to pay Plaintiffs and Class members all wages, including overtime wages, for the hours they each worked for Defendant. New York Labor Law requires that wages be paid on an employer's regular payday for all hours worked.

37. Due to Defendant's violations of the New York Labor Law, Plaintiffs and Class members are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Andreas-Moses, Morgan, Wagner, and Wright, on behalf of themselves and all members of the Class, respectfully pray that this Court enter judgment:

    a. Certifying the Class described herein pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Against Defendant in the amount of the Plaintiffs' and Class members' individual unpaid wages, statutory damages, actual and compensatory damages, liquidated damages, and pre- and post-judgment interest as allowed by law;

c. Awarding Plaintiffs the attorneys' fees and costs incurred in this litigation;

d. Issuing a declaratory judgment that the practices complained of herein are unlawful under New York Labor Law;

e. Enjoining Defendant to cease the practices found illegal or in violation of the rights of the Class; and

f. Granting Plaintiffs and the Class such further relief as this Court deems just and proper.

Dated: November 18, 2016

                                          Respectfully submitted,

                                          **BLITMAN & KING LLP**

                                          s/ *Brian J. LaClair*
                                          Brian J. LaClair (Bar No. 515995)
                                          *Attorneys for Plaintiffs*
                                          Office and Post Office Address
                                          Franklin Center, Suite 300
                                          443 North Franklin Street
                                          Syracuse, New York 13204
                                          Tel.: (315) 422-7111
                                          Fax: (315) 471-2623
                                          Email:  bjlaclair@bklawyers.com