**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KAREN ANDREAS-MOSES, ELIZABETH WAGNER, JACQUELINE WRIGHT, MIKAELA DELPHA, CRYSTAL PARROT, STEPHANIE WEST, JOSEPH J. WOJCIK, TINA PALMER, KEVIN TAYLOR, and AMY COOK on behalf of themselves and all Others similarly situated,

        Plaintiffs,

vs.

HARTFORD FIRE INSURANCE COMPANY,

        Defendant.

Civil Action No.: 5:16-CV-1387 (BKS/DEP)

Return Date: July 6, 2017, 10:00 a.m.

---

**MEMORANDUM OF LAW IN SUPPORT OF THE HARTFORD'S RULE 12(b)(3)**
**MOTION TO DISMISS PURSUANT TO THE FIRST-FILED RULE**

## **TABLE OF CONTENTS**

**Page**

BACKGROUND ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 4

I.    THE COURT SHOULD DISMISS, TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA, OR STAY PLAINTIFFS' CLAIMS IN ACCORDANCE WITH THE "FIRST-FILED" RULE. ........................................................................... 4

    A.    When Competing Lawsuits Have Been Filed In Different Courts, The Later-Filed Suit Should Be Dismissed. ................................................... 4

    B.    The Parties And Claims In *Allen* And The Present Case Are Substantially Similar. ...................................................................................................... 4

    C.    Neither Exception To The First-Filed Rule Applies. ............................... 7

CONCLUSION .................................................................................................................. 9

The parties and claims in this case are substantially similar to those of an earlier-filed case in the Middle District of Florida, *Allen, et al. v. Hartford Fire Insurance Company*, Civil Action No. 6:16-cv-01603. The plaintiffs in the present action and the plaintiffs in *Allen* have brought overtime misclassification claims on behalf of a group of employees who processed disability claims for The Hartford. The present action involves overtime claims under New York state law, while *Allen* involves overtime claims under the Fair Labor Standards Act ("FLSA"). However, the central issue is the same in both cases: whether employees who handle(d) disability claims for The Hartford were exempt from the requirement that they be paid overtime compensation. In these circumstances, the Second Circuit has long recognized that it is appropriate to dismiss (or, in the alternative, to stay or transfer) a later-filed action pursuant to the first-filed rule in order to spare the parties and courts from wasteful litigation and to promote the efficient resolution of disputes. Denying this motion would require the Court to tolerate, if not promote, duplicative judicial efforts and potentially different results on nearly identical issues of law among nearly identical parties. Thus, The Hartford respectfully requests that the Court dismiss this action, or, in the alternative, transfer it to the Middle District of Florida, where it may be consolidated with *Allen*.[1]

## BACKGROUND

On September 13, 2016, ten current and former Hartford employees filed a complaint in the Middle District of Florida titled *Allen et. al v. Hartford Fire Ins. Co.*, Civil Action No. 6:16-CV-01603-RBD-KRS, seeking overtime pay under the FLSA on behalf of Hartford employees who handled disability claims. On September 28, 2016, the *Allen* plaintiffs filed an Amended

---

[1] The Hartford is simultaneously filing a partial motion to dismiss claims by two Plaintiffs on the grounds that the claims could have been asserted in a prior overtime action in which the two were parties, *Monserrate, et al. v. Hartford Fire Insurance Company*, Case No. 6:14-cv-149-ORL-18GJK (M.D. Fla.).

Complaint. (Allen Dkt. 11.) The *Allen* plaintiffs allege that they "were not exempt under any exemption pursuant to 29 U.S.C. § 213," and The Hartford therefore "violated the law . . . [by] failing to pay employees overtime compensation for hours worked in excess of forty (40) hours per week." (Allen Dkt. 11, ¶¶ 16, 23.) The *Allen* plaintiffs seek to represent "all current, former, and future salaried employees who process and/or processed disability claims . . ." nationwide. *Id.* ¶ 4. Six Plaintiffs in this case have joined the *Allen* case as plaintiffs: Andreas-Moses on September 20, 2016 (Allen Dkt. 8); Cook on May 8, 2017 (Allen Dkt. 141); Wagner on November 15, 2016 (Allen Dkt. 39); Stephanie (West) Wojcik on March 7, 2017 (Allen Dkt. 124); Joseph Wojcik on March 7, 2017 (Allen Dkt. 125); and Jacqueline Wright on November 15, 2016 (Allen Dkt. 38).

On November 18, 2016, four current and former Hartford employees filed this lawsuit seeking overtime pay under New York state law on behalf of a would-be class of Hartford employees who handled disability claims. (Dkt. 1.) Plaintiffs filed an Amended Complaint on December 19, 2016, adding two plaintiffs. (Dkt. 7.) Like *Allen*, Plaintiffs seek to represent "employees of Defendant who process and/or processed disability claims." (Am. Compl., ¶ 1, n.1.) Also like *Allen*, Plaintiffs allege that they were "misclassified as exempt from overtime" and therefore "each Plaintiff was not paid overtime." *Id.* ¶ 17.

On December 12, 2016, the *Allen* plaintiffs filed an Amended Notice of Pendency of Other Actions in which they listed the present action as "related" to *Allen*. (Allen Dkt. 50.)

On December 14, 2016, the *Allen* plaintiffs moved to conditionally certify a nationwide class of "all current, former, and future exempt employees who process(ed) disability claims." (Allen Dkt. 51, at 6.) At the time of filing of plaintiffs' motion for conditional certification,

"Plaintiffs from Florida, Connecticut, Minnesota and New York ha[d] already opted-in to th[e] action." *Id.* at 5.  The motion is still pending.

On February 23, 2017, the parties filed a proposed civil case management plan in this action.  (Dkt. 15.)  The parties appeared before Magistrate Judge Peebles on March 2, 2017 for an initial pretrial conference and the Court stayed both the deadline for The Hartford to respond to the Complaint and the mediation deadline.  (Dkt. 16.)

On May 17, 2017, Plaintiffs filed a Second Amended Complaint adding six Plaintiffs, removing two Plaintiffs (Steven Wright and Lisa Morgan), and adding a claim that The Hartford violated New York law requiring wage statements.  (Dkt. 25.)  The parties stipulated to Plaintiffs' filing, but The Hartford preserved all objections, including but not limited to the right to file a Rule 12 motion and/or a motion to dismiss pursuant to the first-filed doctrine.  (Dkt. 23.)  The deadline for The Hartford to respond to the Second Amended Complaint is May 31, 2017.  (Dkt. 27.)[2]

---

[2] This motion is a proper initial response to the Second Amended Complaint, and The Hartford is not required to answer or otherwise respond to the Second Amended Complaint until the Court resolves this motion.  *See Dekom v. N.Y.*, No. 12-CV-1318 JS ARL, 2013 WL 3095010, at *5 (E.D.N.Y. June 18, 2013) (denying plaintiffs' request for default and concluding defendants' partial motion to dismiss pursuant to Rule 12 postponed time to answer until fourteen days after motion was decided), *aff'd on other grounds*, 583 F. App'x 15 (2d Cir. 2014).  Nevertheless, if the Court deemed it necessary for The Hartford to answer before the Court ruled on this motion, The Hartford could file an answer on an expedited basis.

**ARGUMENT**

**I. THE COURT SHOULD DISMISS, TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA, OR STAY PLAINTIFFS' CLAIMS IN ACCORDANCE WITH THE "FIRST-FILED" RULE.**

    **A. When Competing Lawsuits Have Been Filed In Different Courts, The Later-Filed Suit Should Be Dismissed.**

Under the first-filed rule, "[w]here there are two competing lawsuits, the first suit should have priority." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[A] district court may stay or dismiss a suit that is duplicative of another federal court suit."). Lawsuits are competing where "the first and subsequently filed case(s) have either identical or substantially similar parties and claims." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-17 (2d Cir. 1992) ("This rule usually applies when identical or substantially similar parties and claims are present in both courts."). This rule is subject to two exceptions: "(1) where the 'balance of convenience' favors the second-filed action, . . . and (2) where 'special circumstances' warrant giving priority to the second suit." *Emp'rs Ins. of Wausau*, 522 F.3d at 275 (citing *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986) and *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)).

    **B. The Parties And Claims In *Allen* And The Present Case Are Substantially Similar.**

The Court[3] should apply the first-filed rule here because the parties and claims in *Allen* and *Andreas-Moses* are substantially similar. *See Wyler-Wittenberg v. MetLife Home Loans,*

---

[3] A court in a second-filed case may rule on a motion seeking dismissal pursuant to the first-filed rule. *See*, *e.g.*, *PPC Broadband, Inc. v. PerfectVision Mfg., Inc.*, No. 5:13-CV-0134 GTS/DEP, 2013 WL 3229620, at *4 (N.D.N.Y. June 25, 2013) (granting motion to dismiss pursuant to first-filed rule where substantially similar action was filed earlier in another district).

*Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) (granting motion to transfer suit raising FLSA and NYLL claims to California federal court where three prior FLSA suits were pending). For the first-filed rule to apply, "the issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests." *Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*, No. 5:12-CV-1766 LEK/ATB, 2013 WL 4805801, at *14 (N.D.N.Y. Sept. 9, 2013); *Wyler-Wittenberg*, 899 F. Supp. 2d at 244 ("Importantly, application of the rule does not require identical parties in the cases, but merely requires substantial overlap.") (internal citation omitted).

The *Allen* and *Andreas-Moses* cases involve nearly identical parties. The cases involve the same defendant, The Hartford, and substantially similar (some identical) plaintiffs. The plaintiffs in both *Allen* and *Andreas-Moses* seek to represent the same group of employees: those who "process and/or processed disability claims." *Compare* Am. Compl., ¶ 1, n.1, *with* Allen Dkt. 11, ¶ 4. Moreover, six of the ten *Andreas-Moses* Plaintiffs are already plaintiffs in *Allen*. Thus, for purposes of a first-filed motion, the parties are substantially the same. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 244 (finding parties were substantially similar despite the fact that "seventy-five plaintiffs who opted-in as parties to the instant action are not the same plaintiffs as those in" the earlier filed cases, where plaintiffs in each matter held "similar positions"); *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 CIV. 8751 PAE, 2012 WL 844284, at *3 (E.D.N.Y. Oct. 14, 2011) (granting first filed motion where "[t]he class description is the same, as are the potential plaintiffs").

Moreover, the claims in *Allen* and *Andreas-Moses* are substantially similar. *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) ("The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially.").

*Allen* involves an overtime misclassification claim under the FLSA. *Andreas-Moses* involves an overtime misclassification claim under New York state law. Both of these claims center on the issue of whether employees who handle(d) disability claims for The Hartford were exempt from the requirement that they be paid overtime compensation.[4] Moreover, "New York's overtime provisions mirror or expressly adopt federal wage law," thus, "federal courts evaluate New York's executive exemption by reference to the FLSA and its attendant regulations." *Tate-Small v. Saks Inc.*, No. 12 CV 1008 HB, 2012 WL 1957709, at *2 (S.D.N.Y. May 31, 2012); *Torres v. Gristede's Operating Corp.*, 628 F.Supp. 2d 447, 456 n.4 (S.D.N.Y. 2008) ("New York's overtime provisions expressly incorporate the FLSA exemptions."). Therefore, any analysis of the New York state law claims in *Andreas-Moses* will necessarily rely on the same analysis as the FLSA claims in *Allen*.

In *Tate-Small*, for example, the first-filed action in the Northern District of California involved overtime misclassification claims under the FLSA and California Labor Code. 2012 WL 1957709, at *1. The second-filed action involved overtime misclassification claims under the FLSA and New York state law. *Id.* Though the claims were not identical, the court reasoned that the inclusion of FLSA claims "rendered the[] cases substantially similar." *Id.* at *3 ("[T]he California court will apply the same substantive law to the [California] plaintiffs' FLSA claims that this Court would apply to the New York and FLSA claims here."). As such, the court applied the first-filed rule and transferred the second-filed action to the Northern District of California. *Id.* at *5. Although *Allen* does not involve claims under New York law, like *Tate-Small*, that is "insufficient to render the cases dissimilar." *Id.* at *3; *see also Wyler-Wittenberg*, 899 F. Supp. 2d at 245 ("the presence of New York state-law claims by some of the Plaintiffs in

---

[4] Plaintiffs' counsel recognize that the cases are related: they filed a Notice of Pendency of Related Actions in *Allen* that names *Andreas-Moses* as a related action. (Allen Dkt. 50.)

6

[the second-filed action] does not sufficiently distinguish it from the [first-filed] action so as to preclude application of the first-filed rule") (internal quotations omitted); *see also Ortiz v. Panera Bread Co.*, 2011 WL 3353432 *2 (E.D. Va. 2011) (noting that dismissing second case is "particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations").

      **C.     Neither Exception To The First-Filed Rule Applies.**

Neither exception to the first-filed rule -- "balance of convenience" or "special circumstances" -- applies here. In considering the "balance of convenience," a court considers the same factors as it does when analyzing motions to transfer venue pursuant to 28 U.S.C. § 1404(a). *Emp'rs Ins. of Wausau*, 522 F.3d at 275 (listing the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113 (2d Cir. 2010). The balance of convenience factors do not favor this action. Most importantly, six of the ten Plaintiffs in this case are already plaintiffs in the *Allen* case. Thus, the majority of the Plaintiffs in this case have already chosen to litigate in the Middle District of Florida, and did so before this action was filed. In fact, two Plaintiffs -- Karen Andreas-Moses and Mikaela Delpha -- participated in, and ultimately received a settlement in, another lawsuit in the Middle District of Florida against The Hartford.[5] Plaintiffs' counsel is also located in Florida.

---

[5] *Monserrate, et al. v. Hartford Fire Insurance Company*, Case No. 6:14-cv-149-ORL-18GJK.

7

Moreover, with respect to the convenience of witnesses and location of documents, while the Plaintiffs in this action reside in New York, it is not inconvenient to litigate in Florida, particularly where the majority of them have already chosen to do so, one more than once.

The dismissal of this action will protect the parties "from having to litigate the same issue in multiple venues," and avoid wasteful, duplicative litigation. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 244 ("the Court notes that application of the 'first-filed' rule in this matter would serve its intended purpose in promoting the efficient resolution of duplicative litigation."); *Thomas v. Apple-Metro, Inc.*, No. 14-CV-4120 VEC, 2015 WL 505384, at *4 (S.D.N.Y. Feb. 5, 2015) ("There is simply no reason for this Court to decide nearly identical questions of law and fact as those now being adjudicated in the [pending action], with regard to the same requested relief, the same Defendants and the same class of plaintiffs."); *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 CIV. 8751 PAE, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012) ("Because parties should be free from the vexation of concurrent litigation over the same subject matter, there is a strong presumption that a later lawsuit will be dismissed in favor of the first-filed lawsuit.") (internal citation omitted).

The "special circumstances" exception also does not apply. The "special circumstances" that warrant giving priority to a second-file suit "are quite rare." *Emp'rs Ins. of Wausau*, 522 F.3d at 275. One special circumstance justifying departure from the first-filed rule "exists when the first-filed suit is an improper anticipatory filing." *Adirondack Transit Lines, Inc. v. Greyhound Lines, Inc.*, No. 115CV01227LEKCFH, 2016 WL 5415772, at *2 (N.D.N.Y. Sept. 28, 2016); *see also Emp'rs Ins. of Wausau*, 522 F. 3d at 275. The second is "where forum shopping *alone* motivated the choice of site for the first suit." *Emp'rs Ins. of Wausau*, 522 F. 3d at 276 (citing *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969)).

Such "special circumstances" do not exist here. *Allen*, the first-filed case, was not an improper anticipatory action, *see Emp'rs Ins. of Wausau*, 522 F. 3d at 276 (improper anticipatory action is "an action filed in response to a specific, direct threat of litigation"), and forum-shopping alone did not motivate the *Allen* plaintiffs' choice of venue. The Hartford has offices in Florida and many of the witnesses are located there.

## CONCLUSION

The Hartford respectfully requests that the Court dismiss Plaintiffs' Complaint to serve the interests of judicial economy, to avoid concurrent litigation of nearly identical class and collective actions, and to prevent the possibility of inconsistent rulings. In the alternative, The Hartford requests that the Court stay this action or transfer it to the Middle District of Florida where it can be related to (and potentially consolidated with) the *Allen* action.

9

Dated:  Boston, Massachusetts
        May 30, 2017

SEYFARTH SHAW LLP

By: */s/ Hillary J. Massey*
    Patrick J. Bannon (Bar No. 520466)*
    Hillary J. Massey (Bar No. 520467)*
    Molly C. Mooney (Bar No. 520648)*
    Two Seaport Lane, Suite 300
    Boston, MA 02210-2028
    Phone:  (617) 946-4800
    Fax:  (617) 946-4800
    pbannon@seyfarth.com
    hmassey@seyfarth.com
    mmooney@seyfarth.com
    *admitted *pro hac vice*

    Robert T. Szyba (Bar. No. 517640)
    620 Eighth Avenue, 32nd Floor
    New York, NY 10018-1405
    Phone: (212) 218-3351
    Fax: (212) 218-5526
    rszyba@seyfarth.com

    Attorneys for Defendant Hartford Fire Insurance Company

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 30th day of May, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

        */s/Hillary J. Massey*
        Hillary J. Massey