IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KAREN ANDREAS-MOSES, *et al.*, on behalf of themselves and all others similarly situated,

        Plaintiffs,

  v.

HARTFORD FIRE INSURANCE COMPANY,

        Defendant.

Civil Action No.
5:16-CV-1387 (BKS/DEP)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFFS: | |
| LYTLE & BARSZCZ<br>543 North Wymore Road<br>Suite 103<br>Maitland, FL 32751 | MARY E. LYTLE, ESQ.<br>DAVID V. BARSZCZ, ESQ. |
| BLITMAN & KING LLP<br>Franklin Center, Suite 300<br>443 North Franklin St.<br>Syracuse, NY 13204 | BRIAN J. LaCLAIR, ESQ. |
| FOR DEFENDANT: | |
| SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, MA 02110 | HILLARY J. MASSEY, ESQ.<br>MOLLY C. MOONEY, ESQ.<br>PATRICK J. BANNON, ESQ.<br>ROBERT T. SZYBA, ESQ. |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

Rule 1 of the Federal Rules of Civil Procedure provides, in pertinent part, that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." It is against this backdrop that the court is now called upon to determine whether defendant Hartford Fire Insurance Company ("Hartford") should be forced to defend against actions brought in two separate forums asserting substantially similar wage-hour claims on behalf of former and present employees falling into the same job classification. The two actions in issue include a nationwide collective action brought in the United States District Court for the Middle District of Florida under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime compensation to employees allegedly mischaracterized as administrative employees, and this subsequently filed Rule 23 class action against defendant Hartford brought by employees working in New York, and also allegedly wrongly characterized as administrative employees, asserting claims under parallel overtime provisions of the New York Labor Law

2

("NYLL"). Having carefully considered the matter, I find that, because the two actions are sufficiently similar, it would be wasteful and inefficient, and thus in violation of Rule 1, to have both litigated in two separate forums. Accordingly, I recommend that the court invoke the first-filed rule and transfer this case to the Middle District of Florida.

I.      BACKGROUND

On September 13, 2016, ten current and former Hartford employees filed a complaint in the Middle District of Florida asserting FLSA violations and seeking recovery of overtime compensation that allegedly should have been paid to Hartford employees who handle disability claims. *Allen v. Hartford Fire Ins. Co.* ("*Allen*"), No. 16-CV-1603 (M.D. Fla. filed Sept. 13, 2016). In their complaint in that action, as amended, the plaintiffs have alleged that they were not properly paid overtime compensation as required under the FLSA and "were not exempt under any exemption pursuant to 29 U.S.C. § 213." *Allen*, Dkt. No. 11. The named plaintiffs in *Allen* have sought leave to represent "all current, former, and future salaried employees who process and/or processed disability claims" on a nationwide basis.[1] *Allen*, Dkt. No. 11 at 2.

---

[1]     *Allen* was preceded by another similar suit brought in the Middle District of Florida under the FLSA against defendant Hartford. *Monserrate v. Hartford Fire Ins. Co.* ("*Monserrate*"), No. 14-CV-0149 (M.D. Fla. filed Jan. 29, 2014). The named

3

On August 25, 2017, District Judge Roy B. Dalton, Jr., issued an order in *Allen* conditionally certifying a nationwide collective FLSA class consisting of analysts who worked for Hartford at any of its locations during the three years preceding their decision to opt into the action and who worked more than forty hours in a workweek without being paid overtime compensation.[2] *Allen*, Dkt. No. 163 at 13, 26. To date, forty-five present or former Hartford employees are opt-in plaintiffs in *Allen*. Included among them are six of the plaintiffs in this action, including Karen Andreas-Moses, Amy Cook, Elizabeth Wagner, Stephanie West, Joseph Wojcik, and Jacqueline Wright. *Allen*, Dkt. Nos. 8, 38, 39, 124, 125, 141.

This action was commenced on November 18, 2016, by four current and former Hartford analysts seeking overtime pay under the NYLL on behalf of a putative Rule 23 class of Hartford's present and former employees. Dkt. No. 1. An amended complaint, which added two plaintiffs,

---

plaintiffs in that action were analysts who worked for defendant Hartford in Orange County, Florida. *Monserrate*, Dkt. No. 51 at 2. At the plaintiffs' request, the court certified that case as a collective action but limited the scope of the proposed class to those analysts that worked at two of defendant Hartford's locations in central Florida. *Monserrate*, Dkt. No. 129 at 13. After the plaintiffs moved to expand the class based upon newly acquired evidence, the parties settled the action. *Monserrate*, Dkt. Nos. 168, 248.

[2]  On that same day, Judge Dalton issued a separate order dismissing the claims of certain of the plaintiffs in *Allen* based upon their agreement to arbitrate disputes concerning their employment. *Allen*, Dkt. No. 162.

4

was subsequently filed in the action on December 19, 2016, Dkt No. 7, and a second amended complaint was submitted on May 17, 2017, bringing the total number of named plaintiffs to ten. Dkt. No. 25. As in *Allen*, plaintiffs in this case seek to represent "employees of Defendant who process and/or processed disability claims." *Id.* at 1, n.1. Similarly, also as in *Allen*, plaintiffs allege that they were "misclassified as exempt from overtime." *Id.* at 6. Although they also have retained local counsel, plaintiffs in this action are represented by the same Florida attorneys who have appeared on behalf of the *Allen* plaintiffs.

Currently pending before the court are three motions. In the first, defendant Hartford seeks dismissal of this action or, alternatively, that it be either transferred to the Middle District of Florida or stayed, by operation of the first-filed rule. Dkt. No. 32. Defendant has also moved for partial dismissal of this action based upon res judicata, arguing that the claims of two of the named plaintiffs, Karen Andreas-Moses and Mikaela Delpha, are barred because of their participation in the *Monserrate* settlement. Dkt. No. 33. In the third motion, plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure and the court's approval for the named plaintiffs and their counsel to represent the class. Dkt. No. 31. The three motions have been fully briefed and argued and have been referred

5

to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Dkt. No. 39.

## II.  DISCUSSION

### A.  First-Filed Rule: General Legal Principles

As a matter of judicial discretion, a court may dismiss an action that is duplicative of another, previously filed suit. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The dismissal of an action that parallels an earlier filed suit avoids duplicative litigation, promotes judicial economy, and protects parties from "'the vexation of concurrent litigation over the same subject matter.'" *Curtis*, 226 F.3d at 138 (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)). Echoing the principles enunciated in Rule 1 of the Federal Rules of Civil Procedure, the Second Circuit has acknowledged that application of the first-filed rule "embodies considerations of judicial administration and conservation of resources." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989); *see also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). Generally speaking, the first-filed rule dictates that, when identical or substantially similar parties and claims are present in two separate lawsuits, the first-filed lawsuit is presumptively entitled to priority. *Emp'rs Ins. of Wausau v. Fox Entm't Grp. Inc.*, 522 F.3d 271, 274-75 (2d

Cir. 2008); *In re: Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-17 (2d Cir. 1992).

Under the first-filed rule, a district court is vested with broad discretion to dismiss, stay, or transfer a suit that is found to be duplicative of a previously filed action. *Adams*, 950 F.2d at 92 (citing *Kerotest Mfg. Co.*, 342 U.S. at 183-84); *Thomas v. Apple-Metro, Inc.*, No. 14-CV-4120, 2015 WL 505384, at *2 (S.D.N.Y. Feb. 5, 2015); *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 247-50 (E.D.N.Y. 2012). "This discretion arises from the court's power to administer its docket to conserve judicial resources, and to promote the efficient and comprehensive disposition of cases." *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013). A court should consider which course of action will most likely "avoid duplication of judicial effort, [a]void vexatious litigation in multiple forms, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication." *Wyler-Wittenberg*, 899 F. Supp. 2d at 247 (quotation marks omitted).

There are two exceptions to the first-filed rule. The rule may give way in cases where (1) "special circumstances" are present or (2) the balance of convenience favors the later-filed action. *Emp'rs Ins. of*

7

*Wausau*, 522 F.3d at 275. The application of the special circumstances exception recognized in the Second Circuit has been described as "quite rare" and is generally limited to instances of manipulative or deceptive behavior by the first-filing plaintiff, such as where an improper anticipatory declaratory judgment action has been filed, or where forum shopping was the sole motivating factor for the choice of venue for the first suit. *Emp'rs Ins. of Wausau*, 522 F.3d at 276; *William Gluckin & Co. v. Int'l Playtex Corp.* 407 F.2d 177, 178 (2d Cir. 1969). Under the second exception, courts consider those factors that inform a decision concerning a motion to transfer venue under 28 U.S.C. § 1404(a).[3] *Emp'rs Ins. of Wausau*, 522 F.3d at 275. Those relevant factors include the following:

> (1) [T]he convenience of witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of the operative facts, (5) the availability of process to compel attendance of unwilling witnesses, (6) the relative means of the parties, (7) a forum's

---

[3]   Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Similar to Rule 1 of the Federal Rules of Civil Procedure and the first-filed rule, the purpose of section 1404(a) is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)).

8

>familiarity with the governing law, (8) the weight accorded a plaintiff[']s choice of forum, and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

*Pippins v. KPMG LLP*, No. 11-CV-0377, 2011 WL 1143010, at *3 (S.D.N.Y. Mar. 21, 2011); *accord, Wyler-Wittenberg*, 899 F. Supp. 2d at 249.

  B. <u>Analysis</u>

    1. <u>Substantial Similarity</u>

The classic example of a situation in which the first-filed rule is intended to apply involves mirror-image lawsuits among the same parties filed in different forums, such as when one party seeks damages for wrongdoing and the opposing party requests the entry of a declaratory judgment finding that there has been no wrongdoing. *Bukhari v. Deloitte & Touche LLP*, No. 12-CV-4290, 2012 WL 5904815, at *3 (S.D.N.Y. Nov. 26, 2012). The rule, however, has been extended to encompass other scenarios, and has been applied to class action suits filed by different plaintiff classes against the same defendant. *Bukhari*, 2012 WL 5904815, at *3.

  In this instance, the factual and legal issues presented in both *Allen* and this case are virtually the same – whether defendant Hartford's analysts processing disability claims were properly designated as

9

administrative, and thus exempt from the overtime provisions of both the FLSA and the NYLL. Accordingly, while the claims asserted in *Allen* and this action are not identical, they are substantially similar. *See Pippins* 2011 WL 1143010, at *3 (finding that the state-law class action suit and federal court FLSA collective action brought by similarly situated employees were sufficiently similar to implicate the first-filed rule). The relevant NYLL overtime provisions apply the same principles as those governing the FLSA. *See, e.g., Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013). At issue in *Allen* is whether the plaintiffs and other putative class members qualify as administrative employees under 29 U.S.C. § 213(a)(1) and therefore are exempt from the FLSA's overtime requirements. As defined by the pertinent regulation, administrative employees include those "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(3). The NYLL provides that "[a]n employer shall pay an employee for overtime . . . in the manner and methods provided in and subject to the exemptions in [29 U.S.C. § 213.]" 12 N.Y.C.R.R. § 142-2.2; *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010) ("The NYLL, too, mandates overtime pay

and applies the same exemptions as the FLSA.").[4] Accordingly, as a practical matter, resolution of the NYLL claims in this action will be guided in large part by determination of the FLSA claims in *Allen* and, for that reason, I find that the requirement of substantial similarity, for purposes of the first-filed rule, has been satisfied.

    2.    <u>Balance of Convenience</u>

Because plaintiffs have not identified any special circumstances that would counsel against the application of the first-filed rule in this case, the only remaining issue involves an analysis of the balance of convenience in transferring the matter to the Middle District of Florida.

---

[4] It is true, as plaintiffs note, that the FLSA overtime claims are subject to a two- or three-year statute of limitations, depending upon whether the violation was willful, while the NYLL claims in this case are governed by a six-year limitation period. Plaintiffs, however, have cited no authority (and the court has found none) for the proposition that the determination of whether two actions are substantially similar, for purposes of the first-filed rule, turns on, or even takes into consideration, whether the statutes of limitations governing the claims asserted in the two lawsuits are identical. *See, e.g., Save Power Ltd. V. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997) ("Regardless of whether or not the suits are identical, *if they overlap on substantive issues*, the cases would be consolidated in the jurisdiction first seized of the issues." (quotation marks and ellipsis omitted) (emphasis added)); *In re Cuyahoga Equip. Corp.*, 980 F.2d at 116-17 ("The [first-filed] rule usually applies when identical or substantially similar *parties and claims* are present in both courts." (emphasis added). In addition, it is worth noting that at least five Federal Circuit Courts of Appeal, including the Second Circuit, have concluded that FLSA collective actions and Rule 23 class actions "may be maintained in the same proceeding." *See Calderone v. Scott*, 838 F.3d 1101, 1103 (11th Cir. 2016) (citing cases).

11

Given the nature of this case, as a potential Rule 23 class action, some of the factors that normally inform the balance of convenience calculus under section 1404(a) have less significance. For example, while weight is ordinarily given to a plaintiff's choice of forum, this principle is accorded less emphasis in a class action than in a case brought solely by one or more individuals. *See, e.g., Tate-Small v. Saks*, No. 12-CV-1008, 2012 WL 1957709, at *4 (S.D.N.Y. May 31, 2012).

Similarly, while the court must consider the transferee forum's familiarity with the substantive law, and whether requiring the Middle District of Florida to construe and apply New York law would be unduly burdensome, that consideration assumes less significance when an action does not involve complex questions. *Merkur v. Wyndham Int'l, Inc.*, No. 00-CV-5843, 2001 WL 477268, at *1, *5 (E.D.N.Y. Mar. 30, 2001) (citing *Vassallo v. Niedermeyer*, 495 F. Supp. 757, 759 (S.D.N.Y. 1980)); *accord, Wyler-Wittenberg*, 899 F. Supp. 2d at 249. As was previously noted, the claims being brought under the NYLL in this case are not overly complex, and indeed bear substantial similarity to the FLSA overtime claims being asserted in *Allen*. Accordingly, the Middle District of Florida will not be unduly burdened by having to apply New York law.

This case is similar in many respects to the circumstances presented

in *Tate-Small*. There, the court noted that, although transfer might not be appropriate if was to be decided strictly on the basis of the factors relevant to a section 1404(a) transfer request, it found that the interests of justice and the need for efficiency and judicial economy trumped those considerations. *Id.* at *5. The court's finding was based, in part, upon the fact that the first-filed case had advanced to the certification stage, and considerable discovery had been exchanged in the first action. *Id.* As in *Tate-Small*, I conclude that similar considerations of judicial economy and efficiency, as directed by Rule 1 of the Federal Rules of Civil Procedure, warrant that this case be transferred to the Middle District of Florida.

This case represents the inverse of the circumstances presented in *Lloyd v. J.P. Morgan Chase & Co.*, No. 11-CV-9305, 2012 WL 3339045 (S.D.N.Y. Aug. 14, 2012). There, the first-filed action at issue was brought in the Northern District of California and alleged only the defendant's failure to pay overtime under California Law. *Lloyd*, 2011 WL 339045, at *1. The second-filed action, brought in the Southern District of New York, alleged violations of the FLSA, the NYLL, and a parallel New Jersey wage and hour law. *Id.* The court declined to transfer the second action to California at the defendant's request, noting that "[c]ourts that transfer wage and hour actions under the first-filed rule generally do so when the

13

collective identified in a state-law based second-filed action falls within the scope of a nationwide FLSA collective asserted in the first-filed action." *Id.* at *2. The situation described by District Judge Laura Taylor Swain in *Lloyd*, used to distinguish the circumstances before her, is now squarely presented in this action.

Plaintiffs place heavy reliance upon the district court's decision in *Pippins*. That case involved an action brought in the Central District of California under the FLSA, with the plaintiffs seeking certification of a collective action on behalf of a nationwide class of current and former KPMG employees. *Pippins*, 2011 WL 1143010, at *1. That action was stayed in September 2009, however, pending resolution of an unrelated case before the Ninth Circuit, and as of March 21, 2011, when the first-filed rule was invoked, the stay had not yet been lifted. *Id.* The second action was brought in the Southern District of New York and was similarly brought under the FLSA on behalf of present and former KPMG employees. *Id.* After concluding that the actions were substantially similar, thereby potentially implicating the first-filed rule, the court nevertheless denied an application to transfer the second-filed case to the Central District of California. *Id.* at *3. As is reflected in the following passage, it is clear from the court's decision that, in denying the requested transfer, it

14

was persuaded by the hiatus in the California action:

> The factor that weighs most heavily in favor of Plaintiffs is trial efficiency in the interests of justice based on the totality of the circumstances. The California Action has been pending since 2007 and stayed since 2009 awaiting the Ninth Circuit's decision in *Campbell*. The Ninth Circuit website indicates that appeals take three months to a year to be decided after hearing oral argument. At this rate, the California Action would resume at the earliest by May 2011, but could be delayed until February 2012. Since no progress has been made in the California Action in four years, and likely will not be made for another year, it is in the interest of justice to let Plaintiffs proceed with their claims here.

*Id.* at *5.

By contrast, in this case, it appears that the first-filed action commenced in Florida is moving swiftly, with the court having rendered its collective action certification decision in August. Accordingly, *Pippins* is readily distinguishable.

### III. SUMMARY AND RECOMMENDATION

This action and *Allen* are substantially similar and therefore gives rise to a rebuttable presumption that this case should yield to the first-filed *Allen* lawsuit. The court has considered the two exceptions recognized in the Second Circuit to the first-filed rule's dictates. While consideration of the factors applied by the courts in determining transfer motions under

15

section 1404(a) may weigh slightly against transfer, I conclude that the interests of efficiency and judicial economy, and the need to avoid potentially inconsistent results, particularly in light of the mandates of Rule 1 of the Federal Rules of Civil Procedure, defeat those considerations and warrant transfer of this case to the Middle District of Florida, to be adjudicated together with *Allen* as that court deems appropriate.[5] Accordingly, it is hereby respectfully

RECOMMENDED that defendant's motion to dismiss, transfer, or stay this action under the first-filed rule (Dkt. No. 32) be GRANTED and that this matter be transferred to the United States District Court for the Middle District of Florida; and is further

RECOMMENDED that the court defer a ruling on the remaining two pending motions (Dkt. Nos. 31, 33) for resolution by the transferee court.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[5] Because I am recommending that this action be transferred to the Middle District of Florida based upon the first-filed rule, I respectfully recommend that the court not rule on the second motion to dismiss and the motion for Rule 23 class certification, leaving those to be decided by the transferee court.

APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:	October 30, 2017
	Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge