UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| KAREN ANDREAS-MOSES, ELIZABETH WAGNER, JACQUELINE WRIGHT, MIKAELA DELPHA, STEPHANIE WEST, JOSEPH J. WOJCIK, TINA PALMER and AMY COOK, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> HARTFORD FIRE INSURANCE COMPANY, a Foreign for Profit Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 6:17-cv-2019-Orl-37KRS |

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made by and between KAREN ANDREAS-MOSES, ELIZABETH WAGNER, JACQUELINE WRIGHT, MIKAELA DELPHA, STEPHANIE WEST, JOSEPH J. WOJCIK, TINA PALMER, and AMY COOK ("Named Plaintiffs"), on behalf of themselves and the Class herein defined (collectively, "Plaintiffs"), and Defendant, HARTFORD FIRE INSURANCE COMPANY ("Defendant").

WHEREAS, Named Plaintiffs through the above-referenced case alleged that Defendant failed to pay them overtime compensation and failed to provide them with accurate wage statements in violation of the New York Labor Law ("NYLL").

WHEREAS, Defendant denies liability and/or any other wrongdoing with respect to Plaintiffs; and

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 2 of 38 PageID
5980
Case 6:17-cv-02019-RBD-KRS   Document 182-1   Filed 02/13/19   Page 2 of 19 PageID 5922

WHEREAS, the Court has certified the following liability-only class under Rule 23 of the

Federal Rules of Civil Procedure: "All employees of Defendant who, from November 12, 2012

through the present, work and/or worked for Defendant in New York as LTD Analysts, were

classified as exempt from overtime under the New York Labor Law, were paid a salary, worked

more than forty (40) hours in a single work week, and were not paid overtime at a rate of one and

one-half times their regular rate of pay for any and all hours worked in excess of forty (40) hours

in a single work week, and who did not receive accurate wage statements;"

WHEREAS, the Court has appointed the Named Plaintiffs as class representatives;

WHEREAS, the Court has appointed Mary E. Lytle and David V. Barszcz of Lytle &

Barszcz, P.A., and Brian J. LaClair of Blitman & King LLP as Class Counsel;

WHEREAS, Plaintiffs and Defendant wish to avoid further litigation and settle and resolve

the controversy between them amicably and expeditiously;

**NOW, THEREFORE, in consideration of the mutual covenants, promises and**

**warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:**

**DEFINITIONS.** The defined terms set forth in this Agreement have the meanings ascribed to
them below.

    1.1.    **Class Members.** Class Members means "all employees of Defendant who, from
    November 12, 2012 through the present, work and/or worked for Defendant in New
    York as LTD Analysts, were classified as exempt from overtime under the New
    York Labor Law, were paid a salary, worked more than forty (40) hours in a single
    work week, and were not paid overtime at a rate of one and one-half times their
    regular rate of pay for any and all hours worked in excess of forty (40) hours in a

Case 6:17-cv-02019-RBD-LHP   Document 187-1   Filed 05/30/19   Page 3 of 38 PageID
5981
Case 6:17-cv-02019-RBD-KRS   Document 182-1   Filed 02/13/19   Page 3 of 19 PageID 5923

single work week, and who did not receive accurate wage statements" who did not previously opt-out after receiving a Notice of Class Action.[1]

1.2. **Settlement Class.** Settlement Class means all Class Members who do not timely exclude themselves from this Settlement Agreement as set forth in paragraph 11 below.

1.3. **Non-participating Class Member.** Non-Participating Class Member means a Class Member who timely follows the procedure specified in paragraph 11 below and in the Settlement Notice approved by the Court to validly "opt out" of the Settlement.

1.4. **Settlement Notice.** Settlement Notice means the Court-approved Notice of Settlement, attached to this Agreement as Exhibit A.

1.5. **Class Counsel.** Mary E. Lytle and David V. Barszcz of Lytle & Barszcz, P.A., and Brian J. LaClair of Blitman & King LLP.

1.6. **Defendant's Counsel.** The law firms of Jackson Lewis P.C. and Axinn, Veltrop, and Harkrider, LLP

1.7. **The Parties.** The Parties means the Settlement Class, the Named Plaintiffs and Defendant, collectively.

1.8. **Settlement Administrator.** Settlement Administrator means JND Legal Administration.

1.9. **Fairness Hearing.** Fairness Hearing means the hearing before the Court relating to the Motion for Final Approval.

1.10. **Final Approval.** Final Approval means that the Settlement has been finally approved by the Court and either: (1) upon timely appeals, the United States Court of Appeals for the Eleventh Circuit has declined to consider, affirmed, or otherwise approved the Court's Final Approval and the applicable date for seeking further appellate review has passed; or (2) the applicable date for seeking appellate review of the Court's Final Approval of the Settlement has passed without timely appeal or request for review having been made and cannot be extended.

1.11. **Settlement Effective Date.** Settlement Effective Date means the date of Final Approval (as defined above).

---

[1] The following individuals received notice but excluded themselves from the class: Signia Alagna, Nancy Albright, Nancy D'Agostino, Christos Daglis, Nikki Garvey, Jamie Hammond, Keoichaun Kendrick, Rachel Kruth, Lisa Morgan, Timothy Hardy, Cheryl Vattimo.

3

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 4 of 38 PageID
5982
Case 6:17-cv-02019-RBD-KRS    Document 182-1    Filed 02/13/19    Page 4 of 19 PageID 5924

1.12. **Final Approval Order.** Final Approval Order means the Order entered by the Court after the Fairness Hearing that approves the material terms and conditions of this Agreement and the distribution of the Settlement Checks, and that dismisses this Lawsuit, with prejudice. The Final Approval Order shall not be issued earlier than ninety (90) days after service of the notices required in paragraph 8 below.

1.13. **Settlement Fund.** Settlement Fund means $670,508.61, which is the maximum Defendant has agreed to pay to the Settlement Class pursuant to this Agreement.

1.14. **Notice Period.** The Notice Period will be a date sixty (60) days from the mailing of the Settlement Notice to the Class Members.

1.  This Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the Named Plaintiffs, individually and on behalf of themselves and the Settlement Class and Defendant and sets forth the terms and conditions of the settlement of this Lawsuit (the "Settlement"). This Settlement is subject to the approval of the Court.

**NO ADMISSION**

2.  Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, willfulness, lack of good faith, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or their employees and agents, who

4

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 5 of 38 PageID
5983
Case 6:17-cv-02019-RBD-KRS    Document 182-1    Filed 02/13/19    Page 5 of 19 PageID 5925

expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

## INVESTIGATION AND APPROVAL BY CLASS COUNSEL AND DEFENSE COUNSEL

3. Class Counsel and Defendant's Counsel, respectively, have conducted extensive discovery and investigated the facts relating to the claims alleged, and have made a thorough study of the legal principles applicable to the claims asserted against Defendant. Class Counsel have conducted a thorough investigation into the facts relevant to the various claims, including an extensive review of voluminous documents and data produced in this case, and have diligently pursued investigation and prosecution of the claims brought against Defendant in this action. Class Counsel expressly acknowledge that there are differences and disputes, stated and unstated, between the Parties as to various matters. Class Counsel have exercised their independent judgment and have determined that this Settlement Agreement is proper as stated herein after fully taking into account any risk, uncertainty, or unresolved issues relating to discovery or the completeness of their investigation, uncertainty as to facts and circumstances, risk of significant delay, risk of loss or limited recovery, and the defenses asserted by Defendant. Based upon Class Counsel's investigation, legal evaluation, and taking into account the sharply contested legal and factual issues involved as well as Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Class Members pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with Defendant

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 6 of 38 PageID
5984
Case 6:17-cv-02019-RBD-KRS    Document 182-1    Filed 02/13/19    Page 6 of 19 PageID 5926

on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Named Plaintiffs and Class Members. Defendant and Defendant's Counsel also agree that this Settlement Agreement is reasonable and fair.

4. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement Agreement and to dismiss the Lawsuit with prejudice upon complete performance of the terms and conditions of the Settlement Agreement.

## SETTLEMENT AMOUNTS AND ALLOCATION

5. Defendant agrees to pay up to $670,508.61 to the Settlement Class (including the Named Plaintiffs) to settle the Lawsuit. This sum shall be referred to herein as the "Settlement Fund." Defendant shall not be required to set aside, deposit or transfer any funds until after the Settlement Effective Date as defined above.

6. **Payments Out of the Settlement Fund.**

   a. **Administration of Settlement.** Defendant has the sole discretion to choose a settlement administrator to administer the settlement ("Settlement Administrator"); any such fees and costs of the Settlement Administrator shall be borne by Defendant. No portion of such fees and costs will be paid from the Settlement Fund.

   b. **Determination of Each Class Member's Share of the Settlement Fund:** The Settlement Fund shall be allocated among the Class Members (including the

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 7 of 38 PageID
5985
Case 6:17-cv-02019-RBD-KRS    Document 182-1    Filed 02/13/19    Page 7 of 19 PageID 5927

Named Plaintiffs); Non-Participating Class Members shall not receive an allocation from the Settlement Fund. Those individual amounts of are set forth in Exhibit B to this Agreement.

c. **Claims Procedure:**

    i. **Notice.** Within 15 days after the Preliminary Approval Order, the Settlement Administrator shall issue the notice approved by the Court to each Class Member.

    ii. **Non-Participating Class Members.** Those Non-Participating Class Members who opt-out or exclude themselves from this Settlement Agreement (as specified in paragraph 11 below) will not be entitled to any payment from the Settlement Fund.

    iii. **Settlement Class Members.** All Class Members who do not opt-out or exclude themselves from this Settlement Agreement (as specified in paragraph 11 below) will be entitled to payment from the Settlement Fund in the amount indicated on Exhibit B to this Settlement Agreement.

d. **Attorneys' Fees and Expenses/Costs:** Defendant agrees to pay Class Counsel, separately from the amounts paid to the Settlement Class, attorneys' fees and costs of $223,500.00. Class Counsel shall file a motion for attorneys' fees and costs no later than fifteen (15) days prior to the Fairness Hearing. Class Counsel

7

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 8 of 38 PageID
5986
Case 6:17-cv-02019-RBD-KRS   Document 182-1   Filed 02/13/19   Page 8 of 19 PageID 5928

agrees not to accept attorneys' fees and costs exceeding $223,500.00.
Defendant agrees not to oppose an application for attorneys' fees and costs if
the amount sought does not exceed $223,500.00. Upon payment of the
attorneys' fees and costs as agreed to between the Parties and as approved by
the Court, Named Plaintiffs and Class Members shall release and forever
discharge any claims, demands, actions, suits, causes of action, for attorneys'
fees or costs in this action.

e.  **Tax Allocations:** The payment to each Settlement Class Member shall be
evenly split between a wage compensation portion and a liquidated damages
portion.  The wage compensation portion of the payment to each Settlement
Class Member shall be considered unpaid wages and shall be subject to standard
tax withholdings for wage payments.  Settlement Class Members will receive
an IRS Form W-2 for the wage compensation portion of the payments they
receive.  The liquidated damages portion of the payment to each Settlement
Class Member shall be paid without deductions, but a Form 1099 will be issued
as required by law.  Named Plaintiffs certify that neither the Defendant nor its
counsel have made any representations as to the proper tax treatment of the
settlement payments and the Settlement Class Members hereby indemnify and
hold harmless Defendant from any and all liability for taxes, interest and
penalties in connection with the settlement payments.

8

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 9 of 38 PageID
5987
Case 6:17-cv-02019-RBD-KRS    Document 182-1    Filed 02/13/19    Page 9 of 19 PageID 5929

    f.   All funds not claimed by Class Members shall remain the property of Defendant as provided herein.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

7.   Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order:

    a.   Preliminarily approving the Settlement Agreement and determining that the terms of this Settlement Agreement are fair;

    b.   Approving the form and content the proposed Notice attached hereto as Exhibit A;

    c.   Directing the mailing of the Notice by first class mail, to the Class Members, consistent with the procedures specified herein; and;

    d.   Scheduling a Fairness Hearing following the close of the Notice Period at which final approval of the Settlement Agreement will be sought.

8.   No later than ten (10) days after the filing of the Joint Motion for Preliminary Approval, Defendant will, in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b), serve notice of the Parties' proposed settlement to an "Appropriate Federal Official" and "Appropriate State Officials."

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 10 of 38 PageID
5988
Case 6:17-cv-02019-RBD-KRS   Document 182-1   Filed 02/13/19   Page 10 of 19 PageID 5930

## DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

9. **Notice to the Class Members.** A Notice, substantially in the form attached hereto as Exhibits A, and approved by the Court, including any modifications at the direction of the Court (the "Notice") shall be sent by the Settlement Administrator to the Settlement Class, by first-class mail, within fifteen (15) days after entry of the order of preliminary approval of the Settlement Agreement.

10. Any Notice returned as undeliverable shall be sent to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator shall within five (5) days of any Notice being returned as undeliverable perform an electronic search, including, but not limited to reviewing the National Change of Address Registry to attempt to determine the most current mailing address and conducting a skip trace. Within five (5) days of obtaining any alternative address, the Settlement Administrator shall re-send the Notice to that address. The Parties agree that the deadlines contained herein shall not be extended for Class Members whose Notices were returned as undeliverable and re-mailed pursuant to this paragraph. No Class Member shall be subject to any coercion or retaliation of any kind based on their decision to participate or not to participate in or claim funds provided by this Settlement Agreement.

11. Anyone who wishes to be excluded from the Settlement Class must send a written request to be excluded to the Settlement Administrator, and the request for exclusion must actually be received by the Settlement Administrator within 60 days from the date of first mailing of the Notice (the "Notice Period"). If they affirmatively request to be

Case 6:17-cv-02019-RBD-LHP   Document 187-1   Filed 05/30/19   Page 11 of 38 PageID
5989
Case 6:17-cv-02019-RBD-KRS   Document 182-1   Filed 02/13/19   Page 11 of 19 PageID 5931

excluded in a timely manner, their claims will be dismissed without prejudice, and their
Settlement allocations shall be deemed as unclaimed ("Unclaimed Funds") and remain
the property of Defendant.

12. Any Class Member who receives the Notice, other than the Named Plaintiffs, may
object to this Settlement, provided that, within 60 days from the date of first mailing of
the Notice (the "Notice Period"), such objections are made in writing and filed with the
Court and served on Class Counsel who shall provide a copy to Defendant's counsel
within 2 business days after receipt.  In order for his or her objection to be considered,
the Class Member must file a timely objection with the Court, stating: his or her name
and address, the title of the Lawsuit, a description of his or her objections, the reasons
for the objections, whether the objections apply only to the objector, a specific subset
of the class, or the entire class, a statement about whether or not the objector or his or
her lawyer will appear at the Fairness Hearing, and his or her signature.  No individual
may be heard at the Fairness Hearing who has not complied with this requirement.  Any
individual who fails to comply with this requirement will be deemed to have waived
any right to object and any objection to the Settlement.

13. None of the Parties, their counsel, or any person on their behalf, shall seek to solicit or
otherwise encourage anyone to object to the Settlement, to request exclusion from the
Settlement Class, or to appeal from any order of the Court that is consistent with the
terms of this Settlement.

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 12 of 38 PageID
5990
Case 6:17-cv-02019-RBD-KRS   Document 182-1   Filed 02/13/19   Page 12 of 19 PageID 5932

14. Upon receipt, counsel for the Parties shall promptly exchange with one another and file with the Court copies of all objections, exclusions and/or challenges to the Settlement or any part thereof.

15. **Effect of response or non-response.**

    a. Each Settlement Class Member shall be bound by the class release and the dismissal with prejudice, and shall be entitled to a distribution of compensation under this Settlement Agreement.

    b. Each Non-Participating Class Member who timely requests to be excluded from the Class and is excluded from the Class by the Court as provided in Fed. R. Civ. P. 23(c)(2)(B)(v) shall not be bound by the class release or the dismissal with prejudice, and shall not be entitled to a distribution of any compensation under this Settlement Agreement.

16. All Unclaimed Funds from the Settlement Class will remain the property of Defendant. These Unclaimed Funds will be those amounts listed on Exhibit B to this Settlement Agreement which are (i) all compensation due to Settlement Class Members who fail to cash their checks in accordance with paragraph 22 below, and/or (ii) all compensation due to Non-Participating Class Members excluded from the Settlement Class as provided above.

17. Within thirty (30) days after the expiration of the Notice Period, and at least fifteen (15) days prior to the Fairness hearing, the Parties will file jointly a motion for final approval

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 13 of 38 PageID
5991
Case 6:17-cv-02019-RBD-KRS   Document 182-1   Filed 02/13/19   Page 13 of 19 PageID 5933

of the Settlement.  In connection with that motion, the Parties shall file with that motion

a declaration by the Settlement Administrator outlining the completion of the notice

distribution plan.  The Parties shall also file with that motion lists of the names of (1)

the Non-Participating Class Members who requested to be excluded from the

Settlement Class as provided in the Notice, and (2) the Class Members who submitted

objections as provided in the Notice. The Parties shall also file with that motion copies

of any requests for exclusion and copies of any objections.   The motion for final

approval will apply to the Court for an Order finally approving the Settlement as fair,

adequate and reasonable, and will submit a proposed final order and judgment that

accomplishes the following:

    a.   Approves the Settlement, adjudging the terms thereof to be fair, reasonable and
          adequate, and directing consummation of its terms and provisions;

    b.   Approves Class Counsel's attorneys' fees and expenses/costs of  $223,500.00;

    c.   Excludes from the Settlement Class those persons who properly and timely have
          requested exclusion as provided in Fed. R. Civ. P. 23(c)(2)(B)(v); and

    d.   Dismisses the Lawsuit on the merits and with prejudice and permanently bars
          all Settlement Class Members from prosecuting any claims released by the
          terms of this Settlement Agreement.

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 14 of 38 PageID
5992
Case 6:17-cv-02019-RBD-KRS   Document 182-1   Filed 02/13/19   Page 14 of 19 PageID 5934

**COURT APPROVAL; POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT**

18. This Settlement Agreement may be voided before final approval is sought by motion if any one of the following independent conditions is met.

    a.   This Settlement Agreement is subject to approval by the Court. A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby. In order to exercise the option to void the Settlement as provided in this paragraph, a Party must give notice, in writing, to the other Party or Parties (through their respective counsel of record) and to the Court at any time prior to the Parties' filing a motion for final approval of the Settlement and dismissal of all claims with prejudice.

    b.   If (a) five (5) or more Class Members request to be excluded from the Settlement Class or (b) the Class Members who request to be excluded represent more than 15% of the Settlement Fund, then Defendant shall have the option (at its sole discretion) to void this Settlement Agreement. Defendant may exercise that option only by providing written notice to Class Counsel and the Court prior to the Parties' filing their Joint Motion for Final Approval of this Settlement Agreement. Upon such notice, this Settlement Agreement shall be void and of no force and effect, and the parties shall return to their respective positions in the litigation without prejudice to any party.

14

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 15 of 38 PageID
5993
Case 6:17-cv-02019-RBD-KRS    Document 182-1    Filed 02/13/19    Page 15 of 19 PageID 5935

19. If this Settlement is voided, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the Settlement; and neither this Settlement Agreement or the facts and circumstances leading to it including negotiating over its terms, nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the Lawsuit, arbitration, or any other action for any purpose. Furthermore, both the parties and their counsel shall maintain the confidentiality of the settlement negotiations and shall not share such discussions with any potential party or any other individual.

20. In the event this Settlement Agreement is not finally approved by the Court, Defendant shall not be obligated to make any payments to anyone under this Settlement Agreement and the parties will be restored to their respective positions in the Lawsuit prior to the Settlement without prejudice to any party.

**SETTLEMENT PAYMENTS**

21. Within thirty (30) days after the Settlement Effective Date, Defendant will send by check the amount awarded to Class Counsel in attorney's fees and expenses/costs. Additionally, Defendant or the Settlement Administrator with whom Defendant contracts, shall mail, by USPS priority mail with tracking, checks made out to the Settlement Class Members, for the payment of all compensation to be made under this Settlement Agreement. Thirty (30) days after mailing the checks and again sixty (60) days after mailing the checks, the Settlement Administrator shall provide a report to

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 16 of 38 PageID
5994
Case 6:17-cv-02019-RBD-KRS   Document 182-1   Filed 02/13/19   Page 16 of 19 PageID 5936

the Parties showing which checks were returned or otherwise deemed undeliverable, and which checks were negotiated.

22. Settlement Class Members (including the Named Plaintiffs) shall have 90 days after the date on the check to cash their Settlement checks. If any Class Members do not cash their checks within 90 days after the date on the check and their check is not returned, their checks will be void and a stop-payment will be placed. In such event, those Class Members will be deemed to have waived irrevocably any right in or claim to a Settlement share, but the Settlement Agreement and release contained herein will nevertheless be binding upon them. Any funds from checks that are not cashed will remain the property of Defendant as provided herein, unless Defendant decides to re-issue the check after the 90 day period has expired as stated below. Subject to good cause shown by the Class Member, the Settlement Administrator may reissue a check for up to an additional ninety (90) days following the original ninety (90) day period. The Parties will confer in good faith to determine whether good cause has been shown. Any disputes over whether good cause has been shown shall be resolved by the Court.

23. One-hundred and eighty (180) days from the date which appears on the Settlement checks, Defendant will have the right to retain the following funds: (i) all compensation due to Settlement Class Members who fail to cash their checks in accordance with the preceding paragraph, and (ii) all compensation due to Non-Participating Class Members excluded from the Settlement Class because the Non-Participating Class Members opted out.

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 17 of 38 PageID
5995
Case 6:17-cv-02019-RBD-KRS    Document 182-1    Filed 02/13/19    Page 17 of 19 PageID 5937

**RELEASE BY THE SETTLEMENT CLASS**

24. Upon final approval by the Court of this Settlement, the Named Plaintiffs and the
Settlement Class Members will release the Released Parties, as defined below, from
any and all claims, obligations, causes of action, actions, demands, rights, liabilities
and claims for the damages alleged in this Lawsuit, based upon a Named Plaintiff's or
Settlement Class Member's alleged misclassification as an exempt employee, up to the
date of Final Approval, including any and all penalties, liquidated damages, punitive
damages, interest, attorneys' fees and litigation costs incurred in this Lawsuit. Released
Parties is defined as follows: Hartford Fire Insurance Company, its parents,
predecessors, successors, subsidiaries, affiliates, and insurers, and their past and
present directors, officers, shareholders, members, employees, agents, insurers and
attorneys both individually and in their capacities as directors, officers, shareholders,
members, employees, agents, insurers and attorneys. By this settlement of the claims
asserted in this Lawsuit, the Released Parties expressly do not waive, and hereby
expressly preserve, any and all defenses they have as to any claims that any of the
Named Plaintiffs and Settlement Class Members may bring in the future, including but
not limited to a defense based on res judicata or claim splitting.

25. The Parties agree that payment to each Named Plaintiff and Settlement Class Member
constitutes full and complete compensation for any and all damages potentially
assertable against the Released Parties under the Fair Labor Standards Act ("FLSA")
based on a Named Plaintiff's or Settlement Class Member's alleged misclassification

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 18 of 38 PageID
5996
Case 6:17-cv-02019-RBD-KRS    Document 182-1    Filed 02/13/19    Page 18 of 19 PageID 5938

as an exempt employee, up to the date of Final Approval, and that such payment would constitute a set-off for any claims under the FLSA. Once payment to a Named Plaintiff or Settlement Class Member has been made under this Agreement, that Named Plaintiff or Settlement Class Member is estopped from bringing a claim under the FLSA based on the Named Plaintiff's or Settlement Class Member's alleged misclassification as an exempt employee, for damages up to the date of Final Approval.

26. The Parties acknowledge and agree that there is a good faith dispute as to whether such amounts for alleged unpaid overtime are owing and the Parties agree that the amount paid to each Named Plaintiff and Settlement Class Member represents a good faith compromise of such dispute.

## MUTUAL FULL COOPERATION

27. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all-efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, the Parties shall, with the assistance and cooperation of their counsel, take all necessary steps to secure the Court's preliminary and final approval of this Settlement.

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 19 of 38 PageID
5997
Case 6:17-cv-02019-RBD-KRS    Document 182-1    Filed 02/13/19    Page 19 of 19 PageID 5939

**ENFORCEMENT ACTIONS**

28. This Settlement Agreement is fully enforceable in the United States District Court for the Middle District of Florida. The Parties consent to the jurisdiction of that Court to enforce the Settlement.

**NOTICES**

29. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Settlement Agreement shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as follow:

To the Settlement Class:

> Mary E. Lytle (Fla. Bar No. 0007950)
> David V. Barszcz (Fla. Bar No. 750581)
> LYTLE & BARSZCZ, P.A.
> 543 N. Wymore Road, Suite 103
> Maitland, Florida 32751
> Tel: (407) 622-6544
> mlytle@lblaw.attorney
> dbarszcz@lblaw.attorney

To the Defendant:

> Tasos C. Paindiris (Fla. Bar No. 41806)
> JACKSON LEWIS P.C.
> 390 North Orange Avenue, Suite 1285
> Orlando, Florida 32801
> Tel:    (407) 246-8440

19

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 20 of 38 PageID
5998
Case 6:17-cv-02019-RBD-KRS    Document 182-2    Filed 02/13/19    Page 1 of 12 PageID 5940

Tasos.Paindiris@jacksonlewis.com

**CONSTRUCTION**

30. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties. This Settlement Agreement has been drafted jointly by counsel for the Parties and shall not be construed in favor of or against any Party.

**CAPTIONS AND INTERPRETATIONS**

31. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

**MODIFICATION**

32. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and expressly referring to this Settlement Agreement. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto. Any material modifications shall be approved by the Court in its continuing jurisdiction.

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 21 of 38 PageID
5999
Case 6:17-cv-02019-RBD-KRS    Document 182-2    Filed 02/13/19    Page 2 of 12 PageID 5941

**INTEGRATION CLAUSE**

33. This Settlement Agreement and attachments constitutes the entire agreement between
    the Parties relating to the Settlement and transactions contemplated hereby, and all prior
    or contemporaneous agreements, understandings, representations, and statements,
    whether oral or written and whether by a Party or such Party's legal counsel, are merged
    herein.    The Parties expressly acknowledge that they have not relied on any
    representations or promises not expressly contained in this Settlement Agreement. No
    rights hereunder may be waived except in writing.

**BINDING SCOPE; NO PRIOR ASSIGNMENTS**

34. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties
    hereto and their respective heirs, trustees, executors, administrators and successors.
    The Parties hereto represent, covenant, and warrant that they have not directly or
    indirectly, assigned, transferred, encumbered, or purported to assign, transfer or
    encumber to any person or entity any portion of any liability, claim, demand, action,
    cause of action, or rights herein released and discharged except as set forth herein.

**SIGNATORIES AND PARTIES' AUTHORITY**

35. The signatories hereby represent that they are fully authorized to enter into this
    Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 22 of 38 PageID
6000
Case 6:17-cv-02019-RBD-KRS    Document 182-2    Filed 02/13/19    Page 3 of 12 PageID 5942

36. The Named Plaintiffs and authorized signatories for each Defendant will sign this agreement before it is filed with the Court as an Exhibit to the Parties' Joint Motion for Preliminary Approval of this Agreement.

## COUNTERPARTS

37. This Settlement Agreement may be executed in one or more counterparts, and when each of the undersigned has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures. All executed copies of this Settlement Agreement, and photocopies thereof, shall have the same force and effect and shall be legally binding and enforceable as the original.

## GOVERNING LAW

38. All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of New York and the United States of America, where applicable.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 23 of 38 PageID
6001
Case 6:17-cv-02019-RBD-KRS    Document 182-2    Filed 02/13/19    Page 4 of 12 PageID 5943

**IN WITNESS WHEREFORE**, the undersigned have duly executed this Agreement as of
the date indicated below:

Dated: 2/11/2019

**KAREN ANDREAS-MOSES**

*Karen Andreas-Moses*

STATE OF Costa Rica )

COUNTY OF _____ )

SWORN TO AND SUBSCRIBED before me this 11 day of February,
2019, by KAREN ANDREAS-MOSES, who is personally known to me or has produced
US passport _____ as identification.

*Fett*
(Notary Signature)

(NOTARY SEAL)

*Federico Altamura Arce*
(Notary Name Printed)
NOTARY PUBLIC
Commission No. 19,207

23

**IN WITNESS WHEREFORE,** the undersigned have duly executed this Agreement as of the date indicated below:

Dated: 2|11|19

ELIZABETH WAGNER

*Elizabeth d Wagner*

STATE OF New York )

COUNTY OF Onondaga )

SWORN TO AND SUBSCRIBED before me this 11ᵗʰ day of February, 2019, by ELIZABETH WAGNER, who is personally known to me or has produced New York State Drivers License as identification.

*Michelle M Burns*
(Notary Signature)

(NOTARY SEAL)

Michelle M. Burns
(Notary Name Printed)
NOTARY PUBLIC
Commission No. 01BU6258148

> MICHELLE M BURNS
> Notary Public - State of New York
> No. 01BU6258148
> Qualified in Onondaga County
> My Comm. Expires Mar. 26, 2020

23

02-08-19;03:35PM;                                               ;                    #  1/  1

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of

the date indicated below:

Dated: 2|8|2019                    JACQUELINE WRIGHT

STATE OF                    )

COUNTY OF ONONDAGA )

SWORN TO AND SUBSCRIBED before me this 8th day of FEBRUARY 2019, by JACQUELINE WRIGHT, who is personally known to me or has produced DRIVER LICENSE as identification.

                                   (Notary Signature)

(NOTARY SEAL)

ADRIA T. RIPKA                     Adria T. Ripka
Notary Public, State of New York   (Notary Name Printed)
No. 4725466                        NOTARY PUBLIC
Qualified in Onondaga County       Commission No. 4725466
Commission Expires June 30, 2022

23

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 26 of 38 PageID
6004
Case 6:17-cv-02019-RBD-KRS   Document 182-2   Filed 02/13/19   Page 7 of 12 PageID 5946

**IN WITNESS WHEREFORE**, the undersigned have duly executed this Agreement as of

the date indicated below:

Dated: 2/12/19

MIKAELA JOHNSON

STATE OF New York    )

COUNTY OF Onondaga)

SWORN TO AND SUBSCRIBED before me this 12th day of February
2019, by MIKAELA JOHNSON, who is personally known to me or has produced
NYS drivers license        as identification.
960 791 809

(NOTARY SEAL)

_____
(Notary Signature)

Debbie J. Jarvis
(Notary Name Printed)
NOTARY PUBLIC
Commission No. December 18th 2021

DEBBIE J. JARVIS
Notary Public-State of New York
No. 01JA6368706
Qualified in Onondaga County
Commission Expires 12/18/20 21

23

**IN WITNESS WHEREFORE,** the undersigned have duly executed this Agreement as of the date indicated below:

Dated: 2/7/19

STEPHANIE WEST

*Stephanie M. West*

STATE OF                                          )

COUNTY OF Oneida                      )

2019          SWORN TO AND SUBSCRIBED before me this 7 day of FEB 2019, by STEPHANIE WEST, who is personally known to me or has produced NYS DRIVERS LICENSE as identification.

(NOTARY SEAL)

ANGELA FRAGAPANE
No. 01FR5035084
Notary Public, State of New York
Qualified in Oneida County
My Commission Expires Feb. 13, 2019

(Notary Signature)

**Angela Fragapane**
(Notary Name Printed)
NOTARY PUBLIC
Commission No. ____

23

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 28 of 38 PageID
6006
Case 6:17-cv-02019-RBD-KRS    Document 182-2    Filed 02/13/19    Page 9 of 12 PageID 5948

**IN WITNESS WHEREFORE,** the undersigned have duly executed this Agreement as of

the date indicated below:

Dated: _2/7/19_                          JOSEPH J. WOJCIK

STATE OF _New York_ )

COUNTY OF _Oneida_ )

        SWORN TO AND SUBSCRIBED before me this _7th_ day of _February_,
_2019_ , by JOSEPH J. WOJCIK, who is personally known to me or has produced
_NY Drivers license_ as identification.

                                         _____
                                         (Notary Signature)

        (NOTARY SEAL)                    _____
                                         (Notary Name Printed)
                                         NOTARY PUBLIC
                                         Commission No. _01CL6382060_

                        DEBORAH A CLIFFORD
                NOTARY PUBLIC STATE OF NEW YORK
                        ONEIDA COUNTY
                        LIC. #01CL6382060
                COMM. EXP. October 15, 20 22

23

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 29 of 38 PageID
6007
Case 6:17-cv-02019-RBD-KRS    Document 182-2    Filed 02/13/19    Page 10 of 12 PageID 5949

IN WITNESS WHEREFORE, the undersigned have duly executed this Agreement as of

the date indicated below:

Dated: 2/11/2019                    TINA PALMER

STATE OF New York        )

COUNTY OF Onondaga       )

        SWORN TO AND SUBSCRIBED before me this 11th day of February
2019, by TINA PALMER, who is personally known to me or has produced
New York Driver License        as identification.

                    _____
                    (Notary Signature)

(NOTARY SEAL)           _____
                    Jeremy E Parker
                    (Notary Name Printed)
                    NOTARY PUBLIC
                    Commission No. 01PA6324364

        JEREMY E PARKER
    Notary Public - State of New York
            No. 01PA6324364
    Qualified in Onondaga County
    My Commission Expires May 04, 2019

23

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 30 of 38 PageID
6008
Case 6:17-cv-02019-RBD-KRS    Document 182-2    Filed 02/13/19    Page 11 of 12 PageID 5950

2019-02-11 15:31                 6044                 1 >>         4076226545  P 2/2

IN WITNESS WHEREFORE, the undersigned have duly executed this Agreement as of
the date indicated below:

Dated: 2/11/2019                        AMY COOK

                                        _Amy Cook_

─ ─ STATE OF New York ─ ─ ─ )

COUNTY OF Onondaga )

        SWORN TO AND SUBSCRIBED before me this 11th day of February,
2019, by AMY COOK, who is personally known to me or has produced
New York State driver's license as identification.
                                        _Debra M. Ruthven_
                                        (Notary Signature)

        (NOTARY SEAL)                   _Debra M. Ruthven_
                                        (Notary Name Printed)
        DEBRA M. RUTHVEN                NOTARY PUBLIC
    NOTARY PUBLIC, STATE OF NEW YORK    Commission No. 11 | 2 | 22
        Registration No. 01RU6015551
        Qualified in Onondaga County
    Commission Expires Nov. 2, 20 2 2

                                23

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 31 of 38 PageID
6009
Case 6:17-cv-02019-RBD-KRS   Document 182-2   Filed 02/13/19   Page 12 of 12 PageID 5951

**IN WITNESS WHEREFORE**, the undersigned have duly executed this Agreement as of

the date indicated below:

Dated: _2 / 8 / 2019_

                                    **HARTFORD FIRE INSURANCE COMPANY**

                                    By: _____
                                        Lori Rodden, Vice President, Human
                                        Resources

STATE OF CONNECTICUT)

COUNTY OF HARTFORD  )

        SWORN TO AND SUBSCRIBED before me this _8th_ day of _February_, 2019,
by Lori Rodden, Vice President of Human Resources, on behalf of Hartford Fire Insurance
Company, who is personally known to me or has produced _____ as
identification.

                            _____
                            (Notary Signature)

        (NOTARY SEAL)       _Lorna J. Burkhardt_
                            (Notary Name Printed)
                            NOTARY PUBLIC
                            Commission No. _130189_

Case 6:17-cv-02019-RBD-LHP   Document 187-1   Filed 05/30/19   Page 32 of 38 PageID
6010
Case 6:17-cv-02019-RBD-KRS   Document 182-3   Filed 02/13/19   Page 1 of 6 PageID 5952

**<u>EXHIBIT A TO SETTLEMENT AGREEMENT AND RELEASE</u>**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| KAREN ANDREAS-MOSES,<br>ELIZABETH WAGNER, JACQUELINE<br>WRIGHT, MIKAELA DELPHA, STEPHANIE<br>WEST, JOSEPH J. WOJCIK, TINA PALMER<br>and AMY COOK, on behalf of themselves and<br>others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br>a Foreign for Profit Corporation,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 6:17-cv-2019-Orl-37KRS |

**<u>NOTICE OF SETTLEMENT</u>**

**THIS COURT-AUTHORIZED NOTICE CONCERNS THE SETTLEMENT OF A CLASS ACTION LAWSUIT.   IF YOU RECEIVED THIS NOTICE IN AN ENVELOPE ADDRESSED TO YOU, YOU ARE COVERED BY THE CLASS ACTION SETTLEMENT DESCRIBED BELOW.**

**I.      <u>INTRODUCTION AND DESCRIPTION OF LAWSUIT</u>**

The purpose of this notice is to inform you that a settlement ("Settlement") has been reached in a wage-and-hour lawsuit against HARTFORD FIRE INSURANCE COMPANY ("Defendant"). The settlement resolves litigation over claims brought by current and former employees who worked for Defendant as long-term disability ("LTD") analysts, alleging that Defendant violated the New York Labor Law by failing to pay overtime compensation allegedly owed and by providing allegedly inaccurate wage statements.   The case is entitled *Andreas Moses et al. v. Hartford Fire Insurance Company,* No. 6:17-cv-2019-Orl-37KRS, and is pending in the United States District Court for the Middle District of Florida ("Lawsuit").   In the Lawsuit, Defendant maintains that it paid LTD analysts all compensation owed, provided accurate wage statements, and complied with the law.   Defendant denies any liability or wrongdoing of any kind in connection with the claims alleged.

25

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 33 of 38 PageID
6011
Case 6:17-cv-02019-RBD-KRS   Document 182-3   Filed 02/13/19   Page 2 of 6 PageID 5953

Plaintiffs' counsel, attorneys Mary E. Lytle and David Barszcz of the law firm Lytle & Barszcz, P.A. and Brian J. LaClair of Blitman & King, LLC ("Class Counsel") believe that the Settlement is fair, adequate, and reasonable for all members of the class. The Settlement has been preliminarily approved by the Court. If the Settlement is finally approved by the Court, it will resolve all claims in the Lawsuit. The Court has certified the following class: "all employees of Defendant who, from November 12, 2012 through the present, work and/or worked for Defendant in New York as LTD Analysts, were classified as exempt from overtime under the New York Labor Law, were paid a salary, worked more than forty (40) hours in a single work week, and were not paid overtime at a rate of one and one-half times their regular rate of pay for any and all hours worked in excess of forty (40) hours in a single work week, and who did not receive accurate wage statements" and who did not previously opt-out after receiving a Notice of Class Action ("Class Member"). The Court has directed that this Notice be sent to all persons who may be entitled a portion of the settlement amount to be paid by Defendants ("Settlement Fund").

Available records show that you were employed by Defendant as a salaried exempt LTD Analyst during the applicable time period and therefore are a Class Member with the opportunity to be included in the Settlement. This Notice provides you with information about the Settlement and instructions for participating and recovering your share. This Notice also provides you with information about how to exclude yourself from the Settlement if you choose to do so. It also tells you how to object to the Settlement if you choose to do so. The decision to participate or not participate in this Settlement has legal consequences, so please review this notice carefully.

Your options as to how to proceed with respect to this Lawsuit are explained below:

| ACTION | RESULT |
|---|---|
| **Do Nothing** | If you do nothing, you will be sent a share of the Settlement Fund, and you will release your overtime claims against Defendant as set forth herein. |
| **Exclude Yourself from the Settlement** | If you properly submit a request to be excluded from the Settlement, then you will not receive a share of the Settlement Fund and you will not be bound by the Settlement or judgment and you will not release your overtime claims against Defendant. |
| **Object to the Settlement** | If you properly submit objections to the Settlement, the Court will consider the objections. The court may overrule your objections, in which case you will be sent a share of the Settlement Fund and you will release your overtime claims against Defendant as stated above, unless are also excluded from the Settlement. The Court may also agree with your objections, in which case the terms of the Settlement may be |

26

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 34 of 38 PageID
6012
Case 6:17-cv-02019-RBD-KRS   Document 182-3   Filed 02/13/19   Page 3 of 6 PageID 5954

| | modified or the Parties may decide to "void" or withdraw from their agreement to settle the case. |
|---|---|

## II.    HOW TO CLAIM YOUR SHARE OF THE SETTLEMENT FUND

Defendant has agreed to pay up to $670,508.61 to the Settlement Class (including the Named Plaintiffs) to settle the Lawsuit ("Settlement Fund"). The Settlement provides for each Class Member who does not exclude him/herself from the Settlement to receive a share of the Settlement Fund. Therefore, if you wish to receive a share of the Settlement Fund, you should not submit a request to be excluded from the settlement. *Further, if you anticipate changing your address during 2019, you must promptly provide updated address information, including the date that you will be moving, by contacting JND Class Action Administration by U.S. priority or certified mail at the address below:*

*1100 2nd Ave, Ste 300,*
*Seattle, WA 98101*

Under the settlement, Class Members may receive payments ranging from $1,000.00 to $60,955.60. Your anticipated settlement share is as follows:

[FIRST NAME, LAST NAME: $[PAYMENT AMOUNT REFLECTED IN EXHIBIT B]

The amount to be distributed to eligible Class Members will be a pro rata share of the Settlement Fund calculated by Class Counsel based upon a number of factors and is contingent on final approval by the Court and whether (a) more than five Class Members request to be excluded from the Settlement Class or (b) the Class Members who request to be excluded represent more than 15% of the Settlement Fund. The payment made to each Class Member will depend on his or her individual circumstances, including but not limited to: (i) the number of weeks the Class Member worked in a particular job during the relevant time period; (ii) the number of weeks worked by the Class Member during the class time period; (iii) the particular Class Member's rate of pay; (v) the particular Class Member's Analyst position; (vi) the estimate of hours based upon Plaintiffs' estimate of hours as well as Defendant's records; and, other factors related to the legal risks associated with continued litigation and trial. *If you have questions about your share of the Settlement Fund or how it was calculated, you may contact Class Counsel at 407-622-6544 or 1-855-LYTLELAW.*

If you are not excluded from the Settlement, you will receive payment for your share of the Settlement Fund. One-half of your share of the Settlement Fund will be considered unpaid wages. You will receive an IRS Form W-2 for that unpaid-wages portion of the payment. Standard tax withholdings for wage payments will be deducted from this amount. The other one-half of your share of the Settlement Fund will considered liquidated damages. This liquidated damages portion of your settlement will be reported on an IRS Form 1099. Each person's tax circumstances vary, and Class Counsel cannot advise you on your tax issues. You should consult a tax preparer if you have any tax-related questions.

Case 6:17-cv-02019-RBD-LHP   Document 187-1   Filed 05/30/19   Page 35 of 38 PageID
6013
Case 6:17-cv-02019-RBD-KRS   Document 182-3   Filed 02/13/19   Page 4 of 6 PageID 5955

The settlement check payments will be sent to eligible Class Members after the Court grants final approval of the Settlement. **You will have 90 days to cash your settlement checks, measured from the date on the check.** After that date, the check will be void.

### III.   YOUR RIGHTS TO HAVE ANOTHER ATTORNEY, TO EXCLUDE YOURSELF, OR TO OBJECT TO THE SETTLEMENT.

You have the right to enter an appearance in the case through your own attorney if you so desire.

#### A. Excluding Yourself from the Settlement.

You also have the right to be excluded from the class and the Settlement. **If you choose to exclude yourself from the Settlement, you must mail your request for exclusion to [the Settlement Administrator / Class Counsel] at the address shown below, and the request for exclusion must be received by [the Settlement Administrator / Class Counsel] no later than 5:00 P.M. EASTERN TIME ON [DATE 60 DAYS AFTER THE DATE OF MAILING].** Any individual who fails to comply with these requirements will be deemed to have waived any right to be excluded from the Settlement.

If you choose to exclude yourself from the Settlement, you will receive no payment from the Settlement Fund, your share of the Settlement Fund will remain the property of Defendant, and your claims will be dismissed *without* prejudice. The parties do not agree as to whether and to what extent the existence of this Lawsuit has tolled any limitations period as to the various claims, and if you choose to file a separate lawsuit that question will be determined by the court in that lawsuit.

#### B. Objecting to the Settlement.

You also have the right to object to the Settlement. **If you wish to object to the settlement, you must do so in writing and you must file your objection with the United States District Court for the Middle District of Florida, Orlando Division, 401 West Central Boulevard, Orlando, Florida 32801, and mail a copy to Class Counsel at the address shown below, no later than 5:00 P.M. EASTERN TIME ON [DATE 60 DAYS AFTER MAILING].** To be considered, any objection must be submitted on time to the Court and Class Counsel, and it must state your name, address and telephone number, the title and number of the case as shown above, a description of the objections, the reasons for the objections, whether the objections apply only to the objector, a specific subset of the class, or the entire class, a statement about whether or not you or your lawyer will appear at the Fairness Hearing, and it must include your signature or the signature of your lawyer. Any individual who fails to comply with these requirements will be deemed to have waived any right to object and any objection to the Settlement.

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 36 of 38 PageID
6014
Case 6:17-cv-02019-RBD-KRS    Document 182-3    Filed 02/13/19    Page 5 of 6 PageID 5956

## IV.    ATTORNEYS' FEES AND COSTS.

Class Counsel will ask the Court to award attorneys' fees, as well as the costs they have paid out of pocket to litigate the case, in the amount of $223,500.00. Such fees and costs payments will not be deducted from the Settlement Fund for eligible Class Members, as described above.

## V.    SCOPE OF RELEASE AND CLASS JUDGMENT

**The decision to release your claims and participate in this Settlement has legal consequences, including giving up certain legal rights.**

**If you are not excluded from the Settlement, you will be deemed to have released the Released Parties, as defined below, from any and all claims, obligations, causes of action, actions, demands, rights, liabilities and claims for the damages alleged in this Lawsuit, based on your alleged misclassification as an exempt employee, up to the date of Final Approval, including any and all penalties, liquidated damages, punitive damages, interest, attorneys' fees and litigation costs incurred in this Lawsuit. Released Parties is defined as follows: Hartford Fire Insurance Company, its parents, predecessors, successors, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys. Additionally, the payment to you constitutes full and complete compensation for any and all damages based upon your alleged misclassification as an exempt employee, under the Fair Labor Standards Act ("FLSA"), up to the date of Final Approval, and such payment would constitute a set-off for any claims under the FLSA. Once payment has been made under this Agreement, you are estopped from bringing a claim under the FLSA based upon your alleged misclassification as an exempt employee up to the date of Final Approval.**

Upon final approval of the Court, the Court will enter a class judgment dismissing with prejudice all of the claims included in the release, and that judgment will be binding as to all such claims of Class Members who have not excluded themselves as described above.

## VI.    DEFENDANTS' APPROVAL; NO RETALIATION OR DISCRIMINATION

Defendant has agreed to this Settlement, but has reserved the right to "void" or withdraw from the Settlement Agreement if (a) five (5) or more Class Members request to be excluded from the Settlement Class or (b) the Class Members who request to be excluded represent more than 15% of the Settlement Fund. If Defendant exercises this option, the Settlement Agreement shall be void and will have no force and effect, and the parties will return to their respective positions in the litigation without prejudice to either party.

If the Settlement is granted final approval by the Court, Defendant will send payment checks to eligible Class Members and will not take any adverse action against any individual for participating in the Settlement.

29

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 37 of 38 PageID
6015
Case 6:17-cv-02019-RBD-KRS    Document 182-3    Filed 02/13/19    Page 6 of 6 PageID 5957

## VII.    FINAL COURT APPROVAL OF THE SETTLEMENT

Following the response period described above, the Parties will file with the Court a Motion for Final Approval of the Settlement.  The Court will hold a Fairness Hearing on the Settlement on _____, 2019 at _____ o'clock in Courtroom _____ in the United States District Court for the Middle District of Florida, Orlando Division, at the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801.  At the hearing, the Court will determine if the Settlement is fair and reasonable and whether the Settlement should be finally approved.  The principal terms of the Settlement are summarized in this Notice.  You are not required to attend the Fairness Hearing, although you may do so.  If you are satisfied with the Settlement, there is no need for you to appear.

If the Court approves the Settlement, the Settlement Administrator will send the settlement checks to participating Class Members no later than 30 days after Final Approval.  Further, if the Court approves the Settlement, the Court will dismiss the Lawsuit on the merits and with prejudice and permanently bar all participating Class Members from prosecuting any claims released by the terms of the Settlement Agreement.

## VIII.    QUESTIONS ABOUT THE SETTLEMENT

This Notice is only a summary of the Lawsuit and the Settlement.  For a more detailed statement of the Lawsuit or Settlement, you may refer to the pleadings, the Settlement Agreement and Release, and the other papers filed in the Case, which may be inspected at the United States District Court for the Middle District of Florida, Orlando Division, at the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801, during regular business hours of each court day.  You also may obtain copies of this Notice and/or the Settlement Agreement or further information regarding the Settlement from Class Counsel.

**Questions about the Settlement should be directed to Class Counsel:**

**Attorneys Mary E. Lytle and David Barszcz**
**Lytle & Barszcz, P.A.**
**543 North Wymore Road, Suite 103**
**Maitland, Florida 32751**
**407-622-6544**
**1-855-LYTLELAW**

PLEASE  DO  NOT  CONTACT  THE  COURT,  THE  JUDGE,  DEFENDANT,  OR DEFENDANT'S ATTORNEYS WITH ANY INQUIRIES REGARDING THIS SETTLEMENT.

Case 6:17-cv-02019-RBD-LHP    Document 187-1    Filed 05/30/19    Page 38 of 38 PageID
6016
Case 6:17-cv-02019-RBD-KRS    Document 182-4    Filed 02/13/19    Page 1 of 1 PageID 5958

**EXHIBIT B TO SETTLEMENT AGREEMENT AND RELEASE**

**LIST OF PLAINTIFFS WITH BREAKDOWN OF SETTLEMENT SUM**

| EMPLOYEES | Distribution | % of Distribution |
|---|---|---|
| Amidon, Joshua | $17,019.78 | 0.025383388 |
| Anderson (Sterling), Megan | $25,923.59 | 0.038662576 |
| Andreas-Moses, Karen | $25,059.09 | 0.037373256 |
| Barilla, Katherine Ann | $8,549.46 | 0.012750709 |
| Battaglia, Lisa Marie | $34,620.41 | 0.051633058 |
| Battista, Jennifer | $4,949.44 | 0.00738162 |
| Case, Patrice | $2,461.28 | 0.003670766 |
| Cook, Amy M. | $34,735.27 | 0.051804361 |
| Davis, Kathryn M . | $4,388.23 | 0.006544629 |
| Delpha, Mikaela | $20,670.87 | 0.030828642 |
| Dowling, Allyson C | $8,636.84 | 0.012881028 |
| Fraher, Amy L. | $1,000.00 | 0.001491405 |
| Heisler, Lesley A | $15,763.07 | 0.023509124 |
| Hollenbeck, Mihaela Ioana | $12,554.73 | 0.018724189 |
| Johnson, Keith T. | $5,317.66 | 0.007930786 |
| Knittel, Kimberly | $26,303.25 | 0.039228803 |
| Lapan, Maria | $1,000.00 | 0.001491405 |
| Marcoux, Kathleen M | $24,721.32 | 0.036869504 |
| Menendez, Meghan Anne | $3,197.87 | 0.00476932 |
| Nesheiwat, Muna Faith | $28,237.00 | 0.042112807 |
| Obit,Sara Elizabeth | $9,751.73 | 0.01454378 |
| Palmer, Tina M. | $39,406.70 | 0.058771356 |
| Porter, Melissa A . | $33,744.02 | 0.050326006 |
| Quilty, Brett | $5,572.42 | 0.008310736 |
| Raines, Cameron | $4,517.80 | 0.00673787 |
| Sweeny (Matyasik), Jill | $30,732.66 | 0.045834848 |
| Wagner, Elizabeth | $48,174.09 | 0.071847086 |
| West (Wojcik) ,Stephanie | $30,057.89 | 0.044828492 |
| Wettering, Rachel Wadkins | $22,917.92 | 0.034179904 |
| Wilsey, Mitchell | $12,976.29 | 0.019352906 |
| Wojcik, Joseph J | $40,045.46 | 0.059724006 |
| Wright, Jacqueline Y. | $60,955.60 | 0.090909496 |
| Wrightsman, Peter | $26,546.87 | 0.039592139 |